UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM E. ROCKEFELLER,

                              Plaintiff,                        16 Civ.

            -against-                                          COMPLAINT

METRO-NORTH COMMUTER RAILROAD,

                              Defendant.
------------------------------------------------------------X

### PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, The Maurer Law Firm, PLLC, complains of the Defendant and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

FIRST: This action is brought under the Federal Employers' Liability Act (45 U.S.C. Sec. 51 et seq.).

SECOND: The Defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

THIRD: At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, the defendant Metro-North Commuter Railroad (hereinafter "Metro North") employed the plaintiff as a Locomotive Engineer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

FOURTH: At the time the plaintiff received the injuries complained of, and at all times hereinafter mentioned, Metro North maintained, operated and controlled a line of railroad, known as the Hudson Division Line, and which contained Metro-North's shops, tracks, bridges,

rails, signals, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which Metro North operated engines, trains and cars under its control and direction.

FIFTH: At the time plaintiff received the injuries complained of, plaintiff, an employee of Metro North, was performing his assigned duties as a Locomotive Engineer on Metro-North train #8802 which was southbound from Poughkeepsie to Grand Central Terminal, and was acting in furtherance of interstate commerce or in work closely or substantially affecting the same.

SIXTH: That on or about December 1, 2013, while the Plaintiff, an employee of Metro North, was performing his assigned duties as a Locomotive Engineer on Metro-North train #8802 in the head car of the train which was operating on Track #2 of the Hudson Division Line in the vicinity of Spuyten Duyvil, and while plaintiff was seated in the cab of the head car operating the train, the train derailed, causing plaintiff to be violently thrown about the cab of the head car, causing plaintiff to sustain severe and permanently disabling injuries in the form of a torn Labrum in his left shoulder, compression of his left Acromioclavicular joint, and Post Traumatic Stress Disorder.

SEVENTH: That the afore-claimed injuries were suffered due to the negligence of Metro North, its agents, servants and employees, who so negligently and carelessly conducted themselves toward the Plaintiff in violating the provisions of the Federal Employers' Liability Act by: failing to provide Plaintiff with a reasonably safe place to work; failing to install a signal code change point on Track #2 that would have worked with existing signal systems installed in every train cab, that would have automatically put on a penalty brake application when train #8802 exceeded the posted speed on Track #2 and plaintiff did not make a timely acknowledgement and brake application, all of which would have prevented train #8802 from

operating at a dangerous rate of speed going into the curved track and derailing at Spuyten Duyvil; failing to provide an Alerter in the locomotive control cab to ensure that the engineer remained alert and attentive; failing to modify its signal system which would have required advanced mandatory speed reductions approaching critical curves and instead, due to its "Deficient safety culture" that prizes on-time performance at the expense of protecting riders and workers, relied on engineers to make only one reduction in speed from 70 mph to 30 mph; and, in failing and neglecting to enact and enforce safety, operating and maintenance rules, regulations, procedures, and practices for activities carried out by its personnel at the said place which would have prevented plaintiff's injury, and that all of the foregoing brought about severe and disabling injuries to the Plaintiff.

EIGHTH: As a result of said injuries, plaintiff has and/or will suffer past and future lost wages and benefits, impairment to earning capacity, diminished pension benefits, medical expenses, pain, suffering, mental anguish and depression.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant railroad, plaintiff demands a jury verdict and judgment against the defendant railroad on the first cause of action in the amount of TEN MILLION ($10,000,000.00) DOLLARS; and plaintiff demands costs and post-judgment interest in addition to any further relief which the Court deems just and equitable.

Dated: Fishkill, New York
November 30, 2016

THE MAURER LAW FIRM, PLLC
Attorneys for Plaintiff

By: _____/s/ Maurer_____ # IM0337
    Ira M. Maurer, Esq.
300 Westage Business Center Drive, Suite 360
Fishkill, N.Y. 12524
(845) 896-5295