UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM E. ROCKEFELLER,

                              Plaintiff,          16 CV 9267 (VB)

-against-                    **ANSWER WITH COUNTERCLAIM**

                                                    **Defendant Demands a Transfer**
                                                    **of Venue and Bifurcated Trial**

METRO-NORTH COMMUTER RAILROAD,

                              Defendant.
-----------------------------------------------------------X

        Defendant, Metro-North Commuter Railroad ("Metro-North"), by its attorney, Richard L. Gans, Esq., General Counsel, as and for its Answer to the Complaint of the Plaintiff and Counterclaim, responds as follows:

### FIRST CAUSE OF ACTION

        1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 1 of the complaint.

        2. Admits the allegations contained in paragraph(s) 2 of the complaint.

        3. Denies the allegations contained in paragraph(s) 3 of the complaint, except admits that plaintiff was employed by defendant at all relevant times.

        4. Denies upon information and belief each of the allegations contained in paragraph(s) 4 and 5 of the complaint and refers all questions of law and fact to judge and jury.

        5. Denies the allegations contained in paragraph(s) 6, 7 and 8 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. As and for a first affirmative defense, or as a defense in mitigation of damages, the defendant claims that any injuries allegedly sustained by the plaintiff were caused, in whole or in part, by reason of the culpable conduct of the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. As and for a second affirmative defense, defendant claims that any injuries allegedly sustained by the plaintiff were caused solely by the negligence of the Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. As and for a third affirmative defense, or as a defense in mitigation of damages, the defendant claims that plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. As and for a fourth affirmative defense, defendant alleges that plaintiff's cause of action is improperly venued and should be transferred to the division of Southern District of New York at Pearl Street or Foley Square, the location of defendant's principal place of business. See, Rules 18 and 19 of the Division of Business Among Judges, FRCP 12(b)(3) and 28 U.S.C. § 1404, 28 U.S.C. § 1406(a).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. As and for a fifth affirmative defense, defendant alleges that plaintiff's cause of action is barred by the applicable statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. As and for a sixth affirmative defense, defendant alleges that some or all of Plaintiff's claims are preempted and/or precluded by federal law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. As and for a seventh affirmative defense the defendant submits that the plaintiff's complaint fails to state a cause of action against the answering defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. The defendant submits that the answering defendant is entitled to all the protections afforded by General Obligations Law §15-108.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16. As and for a ninth affirmative defense, defendant alleges that to the extent that expenses were incurred by the Plaintiff for medical treatment, arising from the events of December 1, 2013, which expenses have been paid by the defendant, any recovery by the Plaintiff should be reduced by the amount of such payments.

*WHEREFORE*, in order to promote the safe operation of locomotive engines by locomotive engineers, and the safety of passengers and crews the defendant demands judgment dismissing the Complaint and/or judgment over on Defendant's Counter-Claims against the plaintiff, together with costs and disbursements and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
February 6, 2017

Richard L. Gans
VP & General Counsel
By: _____
Ioana Wenchell
Attorneys for Defendant
Metro-North Commuter Railroad
420 Lexington Avenue
New York, New York 10170
212-340-2538 – raye@mnr.org

TO:    Ira M. Maurer, Esq.
          The Maurer Law Firm, PLLC
          Attorney for Plaintiff
          300 Westage Business Center Drive
          Suite 360
          Fishkill, New York 12524
          845-896-5295 – IM/0337

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILLIAM E. ROCKEFELLER,

                       Plaintiff,          16 CV 09267 (VLB)

 -against-

METRO-NORTH COMMUTER RAILROAD,

                       Defendant.
-------------------------------------------------------------X

## ANSWER, COUNTERCLAIM

**Ioana Wenchell**
**212-340-2203**

METRO-NORTH COMMUTER RAILROAD
RICHARD L. GANS, V.P. & GENERAL COUNSEL
Attorneys for Defendant Metro-North
420 Lexington Avenue, 11th Fl.
New York, New York 10170